## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

FILED

2012 JAN 19  P 4: 23

U.S. DISTRICT COURT
NEW HAVEN, CT

EUGENE ARGRAVES,                    :
                                    :
              Petitioner,           :
                                    :
v.                                  :          No. 3:11cv1421 (MRK)
                                    :
UNITED STATES OF AMERICA,           :
                                    :
              Respondent.           :

### RULING AND ORDER

     Petitioner Eugene Argraves seeks to vacate and correct his sentence under 28 U.S.C. § 2255 because he received ineffective assistance of counsel. *See* Pet'r's Mot. to Vacate, Set Aside or Correct Sentence (§ 2255) [doc. # 1]. Mr. Argraves's Petition fails for two reasons. First, he waived his right to bring a habeas corpus action if the Court did not sentence him to more than 120 months, which the Court did not do. Secondly, Mr. Argraves's claims for ineffective assistance of counsel are groundless. As the record shows that Mr. Argraves is not entitled to the relief he seeks, no hearing is required. *See Hayden v. United States*, 814 F.2d 888, 892 (2d Cir. 1987).

### I.

     On May 20, 2009, a federal grand jury returned a twenty-three count indictment against Mr. Argraves and thirty-two other individuals. One of the charges Mr. Argraves faced was conspiracy to possess with the intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 846. On December 16, 2009, a federal grand jury returned a superseding indictment against Mr. Argraves and others, in which he was again charged with a violation of 21 U.S.C. § 846. Pursuant to this charge, Mr. Argraves faced a mandatory minimum sentence of ten years of

1

imprisonment, with a potential maximum of life imprisonment.

At Mr. Argraves's plea hearing before Magistrate Judge William I. Garfinkel, the Government summarized the plea agreement, including the guidelines agreement, the fact that Mr. Argraves had agreed not to seek the benefit of the safety valve status, and the appeal and collateral attack waiver. Following this, defense counsel took a twenty-minute recess to review the guidelines agreement with Mr. Argraves. The court inquired whether Mr. Argraves understood the plea agreement and, specifically, his waiver of appeal rights and § 2255 actions. Mr. Argraves acknowledged that he understood the agreement, his rights, and that he was freely waiving his right to pursue and appeal and collaterally attack his sentence provided it did not exceed 120 months of imprisonment. The court inquired of his defense counsel whether the waiver was free and voluntary and counsel acknowledged the same. Mr. Argraves entered the plea agreement, which also contained the waiver of rights, on May 12, 2010.

On March 7, 2011, the Court sentenced Mr. Argraves to 120 months of imprisonment.

## II.

### A.

Mr. Argraves waived his right to bring a § 2255 action to challenge his sentence. There is more than enough evidence in the record that Mr. Argraves's waiver was knowing, voluntary, and competently made. Furthermore, after discussing the appeal and collateral attack waiver in open court, Magistrate Judge Garfinkel found

> that the defendant is competent to plead; that defendant knows his right to trial; that he knows what the maximum possible sentence is; that the sentencing guidelines apply; that there is a factual basis for the defendant's plea; that he has knowingly and intelligently waived his right to trial by jury and related rights; and that the plea of guilty to the charge by this defendant has been knowingly and voluntarily made and not coerced.

Finding and Recommendation on a Plea of Guilty, *United States v. Maylor et al.*, No. 3:09CR117 (MRK) (May 12, 2010) ECF No. 940.

The Second Circuit has repeatedly upheld waivers of the right to appeal and collaterally attack a sentence. *See, e.g., United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000); *United States v. Djelevic*, 161 F.3d 104, 106 (2d Cir. 1998) ("It is by now well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable."). The Second Circuit has held that the reasons for supporting waivers of direct appeals are applicable to waivers of collateral attack under § 2255. *See Garcia-Santos v. United States*, 273 F.3d 506, 509 (2d Cir. 2001); *see also Tellado v. United States*, 799 F. Supp. 2d 156, 182 (D. Conn. 2011).

As the Second Circuit observed, "[i]f this waiver does not preclude a challenge to the sentence as unlawful, then the covenant not to appeal becomes meaningless and would cease to have value as a bargaining chip in the hands of defendants." *United States v. Yemitan*, 70 F.3d 746, 748 (2d Cir. 1995); *see also Djelevic*, 161 F.3d at 107 ("[T]he waiver provision is a very important part of the agreement—the Government's motivating purpose, decreased effort and expense of protracted litigation, is not well-met if the defendant is permitted to appeal that to which he has agreed." (quotation marks omitted)).

For the above reasons, Mr. Argraves cannot now effectively challenge his waiver of his right to bring a § 2255 action.

B.

In the attempt to escape his waiver, Mr. Argraves sets forth multiple claims of ineffective assistance of counsel. None of these have merit, as none of them demonstrate that his counsel's

3

performance "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), especially considering the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *id.* at 689. Furthermore, given the wealth of information in the record implicating Mr. Argraves in the crime to which he pled guilty, Mr. Argraves cannot demonstrate prejudice; in other words, he cannot "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. At plea and at sentencing, Mr. Argraves faced a mandatory minimum of 120 months of imprisonment. He cannot now fault his counsel for the fact that he received the minimum punishment.

The Court first finds that Mr. Argraves's speedy trial claim is frivolous. Initially, the trial was set for July 15, 2009, well within the required seventy-day period after the May 20, 2009 indictment. *See* 18 U.S.C. § 3161(c)(1). On July 9, 2009, the Court had a conference with all counsel and all of the defendants, including Mr. Argraves's defense counsel, Richard Cramer. Many defendants indicated a desire for a January 2010 trial date to provide sufficient time to review the voluminous discovery associated with the case, to engage in plea discussions, and to conduct pre-trial motion practice. Mr. Cramer did not voice an objection. Per the Speedy Trial Act's requirements, this Court issued an Order on July 10, 2009 finding that the ends of justice would be served by excluding the period of July 15, 2009 through January 5, 2010 from the speedy trial clock. *See* Endorsement and Supplemental Scheduling Order, *United States v. Maylor et al.*, No. 3:09CR117 (MRK) (July 10, 2009) ECF No. 356; 18 U.S.C. § 3161(h)(7)(A).

Mr. Cramer was later granted permission to withdraw as Mr. Argraves's attorney, and Mr. Keefe and Ms. Knight appeared on Mr. Argraves's behalf. At a November 4, 2009 status conference, the Government noted that it was prepared to proceed with the set calendar. Mr. Keefe,

4

however, requested that the trial date be postponed so that he and Ms. Knight would have the necessary time to review and analyze the substantial discovery materials. On November 23, 2009, this Court issued an Order granting continuances for a group of defendants, including Mr. Argraves, setting trial for March 2010 and excluding the period from January 5, 2010 to March 11, 2010 from the speedy trial clock. *See* Endorsement and Supplemental Scheduling Order, *United States v. Maylor et al.*, No. 3:09CR117 (MRK) (Nov. 23, 2009) ECF No. 561; 18 U.S.C. § 3161(h)(7)(A).

Finally, after a final pre-trial conference on February 26, 2011, the Court approved the Government's proposal that two groups be tried separately, with Mr. Argraves being tried in May 2010. Mr. Keefe agreed. On March 11, 2010, this Court issued an Order granting continuances for a group of defendants, including Mr. Argraves, setting trial for May 2010 and excluding the period from March 11, 2010 to May 13, 2010 from the speedy trial clock. *See* Endorsement and Supplemental Scheduling Order, *United States v. Maylor et al.*, No. 3:09CR117 (MRK) (Mar. 11, 2010) ECF No. 841; 18 U.S.C. § 3161(h)(7)(A). As noted above, Mr. Argraves entered a guilty plea on May 12, 2010.

As all continuances granted by the Court were made with the finding that the ends of justice outweighed any interest in a speedy trial, there was no basis upon which Mr. Argraves's counsel could have moved to dismiss based upon speedy trial violations.

Mr. Argraves's other claims may be dispensed with more succinctly. First, after extensive briefing, the Court issued two rulings finding that Mr. Argraves posed a danger to the community, that there was no combination of conditions that the Court could impose that would reasonably ensure the safety of the community, and that pre-trial detention was appropriate. *See* Ruling and Order, *United States v. Maylor et al.*, No. 3:09CR117 (MRK) (June 26, 2009) ECF No. 336;

Ruling and Order, *United States v. Maylor et al.*, No. 3:09CR117 (MRK) (Jan. 22, 2010) ECF No. 671. It was objectively reasonable for Mr. Argraves's counsel not to appeal these rulings, especially given the Second Circuit's deferential stance on such questions. *See United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995).

Second, the Government could have put on credible evidence that may have resulted in a Guidelines range of anywhere from 188 to 293 months. Given this, Mr. Argraves's counsel estimate of potential sentencing exposure of 18 to 22 years was not unreasonable. Mr. Argraves cannot now claim that he only entered into the plea agreement based on a hyperbolic estimate of his potential exposure.

Third, there is no evidence of deceit in the Government's trial readiness. It proceeded to trial in March 2010 against other defendants in this case with cooperating witnesses who would have testified against Mr. Argraves, and presumably the Government could have proceeded against Mr. Argraves had his counsel so insisted.

Fourth, Mr. Argraves's counsel was not ineffective in failing to argue for a safety valve benefit at sentencing. The plea agreement—which, as noted above, Mr. Argraves understood and agreed to—was clearly predicated on his willingness not to argue for a safety valve benefit and explicitly stated that the Government reserved its right to argue for a higher sentence than the agreed-to 120 months of imprisonment if he pursued that benefit at sentencing. The Government did not call witnesses to testify as to whether Mr. Argraves deserved a role enhancement precisely because Mr. Argraves did not claim the benefit. As seeking the benefit would have potentially exposed Mr. Argraves to a higher sentence, his counsel was not unreasonable in not arguing for it.

Fifth and finally, it was not objectively unreasonable for counsel to file a notice of appeal when Mr. Argraves had entered into a knowing, intelligent, and applicable waiver of his appeal

rights and there was no other non-frivolous ground to justify such an appeal.

Mr. Argraves's claims for ineffective assistance of counsel fail to meet either of the *Strickland* requirements and therefore fail. *See* 466 U.S. 668.

### III.

Habeas corpus relief is an extraordinary remedy, and it is granted only where it is necessary to redress errors which, if left intact, would "inherently result in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962). There are no such errors here. Mr. Argraves's Motion to Vacate, Set Aside or Correct Sentence (§ 2255) [doc. # 1] is DENIED and his Motion to Compel [doc. # 10] is DENIED as moot. As Mr. Argraves has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a Certificate of Appealability.

If Mr. Argraves wishes to appeal this Court's order, he must file his Notice of Appeal no later than 60 days from the date on which judgment is entered. *See* Fed. R. App. P. 4(a)(1)(B). "[E]ven where the District Court has declined to issue a COA, [the Second Circuit] may nonetheless issue a COA if petitioner can make the necessary showing that jurists of reason would find it debatable whether the district court was correct in its . . . ruling." *Rhagi v. Artuz*, 309 F.3d 103, 106 (2d Cir. 2006) (quotation marks omitted).

**The Clerk is directed to enter judgment for Respondent and close this file.**

IT IS SO ORDERED.

_____
**Mark R. Kravitz**
**United States District Judge**

Dated at New Haven, Connecticut: **January 19, 2012.**