UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EUGENE ARGRAVES,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

No. 3:11cv1421 (SRU)

### RULING AND ORDER

On September 12, 2011, Petitioner Eugene Argraves filed a petition for writ of habeas pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel. *See* Pet'r's Mot. to Vacate, Set Aside or Correct Sentence [doc. # 1]. On September 23, 2011, Judge Mark R. Kravitz issued an Order to Show Cause [doc. # 2]. The government filed its response on January 16, 2012 [doc. # 9]. On January 19, 2012, Judge Kravitz denied the motion, holding that Argraves "waived his right to bring a habeas corpus action if the Court did not sentence him to more than 120 months, which the Court did not do" and that his "claims for ineffective assistance of counsel are groundless." Ruling and Order [doc. # 12] at 1. Following the Court's Ruling, Argraves filed a Motion to Vacate Ruling [doc. # 16] and several discovery-related motions [docs. # 13, 14, 15, 17 and 20]. Argraves also filed an Amended Motion to Vacate, Set Aside or Correct Sentence [doc. # 18].

Although Argraves' Motion to Vacate Ruling does not make specific reference to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, he is asking the Court to reconsider its order denying his section 2255 motion. Therefore, I will construe the motion as a motion for reconsideration pursuant to Rule 59(e).[1] The standard for granting motions for reconsideration is

---

[1] Because the motion was filed within the fourteen-day window, *see* D. Conn. Local R. P. 7(c)(1), the motion is considered pursuant to Rule 59(e) motion rather than a motion under Rule

strict; motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478).

Argraves makes two arguments in support of his motion. First, he claims that the Court erred when it "hastily" denied his motion prior to the Court receiving his reply to the Government's response brief. Argraves argues that the Court was required, under Rule 5(d) of the Rules Governing Section 2255 Cases in the United States District Courts, to provide him an opportunity to file a reply. Rule 5(d) states that the "moving party may submit a reply to respondent's answer or other pleading within a time fixed by the judge." On September 23, 2011, Judge Kravitz ordered the government to respond to Argraves' petition on or before December 2, 2011 and gave Argraves until December 30, 2011, or 28 days, to file a reply. Order to Show Cause [doc. # 2]. Subsequently, the government asked for, and was granted, an extension of time until January 16, 2012 to file a response. Argraves assumed his reply date would therefore be extended to February 13, 2012. However, Judge Kravitz issued a Ruling denying Argraves'

---

60(b). *See United States v. City of New York*, 248 F.3d 48, 52 (2d Cir. 2001) ("[A] post judgment motion requesting alteration or amendment of the judgment but denominated as something other than a motion under Rule 59 is generally treated as having been made under Rule 59(e).")

petition for relief on January 19, 2012, three days after the government filed its response. District of Connecticut Local Rule 7(d) states that "[r]eply briefs are not required and the absence of a reply brief will not prejudice the moving party." D. Conn. Local R. Civ. P. 7(d).

Even though Argraves was not given an opportunity to submit a reply brief, he is not entitled to relief under 59(e). Relief pursuant to Rule 59(e) is extraordinary and only granted in exceptional circumstances. This case is not exceptional. There was no manifest injustice, no clear error, no intervening change or law and no new evidence. Judge Kravitz denied Argraves' claims because Argraves waived his right to make such claims and because the claims were meritless. I fail to see how Argraves could have rectified these shortcomings in a reply brief.

Argraves' second argument is that as a matter of course he was entitled to file an amended petition pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. Rule 15(a)(1)(B) grants the movant the right to amend a pleading 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier, if the pleading is one to which a responsive pleading is required. Fed. R. Civ. P. 15(a)(1)(B). Rule 15(a)(1)(B) is inapplicable to habeas petitions because responsive pleadings are not required. In habeas situations, "[b]efore a responsive pleading is served, pleadings may be amended once as a matter of course." *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Argraves did not file his amended petition prior to the Government filing its response brief. Therefore, Rule 15(a)(2) applies— Argraves may amend his petition only with the court's permission.[2] Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or

---

(quotations omitted).

[2] The government argues that the new claims must relate back to the petitioner's original petition. The amended petition, however, was filed on February 2, 2012, which is within one year of when the judgment of conviction became final. Because the amended petition was filed within the statute of limitations, the relation back analysis is unnecessary.

the court's leave.").

In his amended petition, Argraves adds claims of actual innocence, Rule 11 violations, and prosecutorial misconduct. For the reasons set forth below, I conclude that Argraves' new claims lack merit. Therefore an amendment to his petition would be futile; leave to amend the petition is denied. *See Jones v. N.Y. State Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1999) ("[A] district court may properly deny leave when amendment would be futile.").

Argraves claims he is innocent of the crimes for which he pled guilty (conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)). In non-capital cases, actual innocence "normally means simply that the defendant did not commit the crime." *Poindexter v. Nash*, 333 F.3d 372, 381 (2d Cir. 2003). It is the petitioner's burden to produce evidence establishing a credible claim that he is actually innocent. "In order to demonstrate actual innocence in a so-called collateral proceeding, a petitioner must present 'new reliable evidence that was not presented at trial' and 'show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.'" *Lucidore v. Div. of Parole,* 209 F.3d 107, 114 (2d Cir. 2000) (quoting *Schlup v. Delo,* 513 U.S. 298, 299, 327–28 (1995)). "The petitioner must support his claim 'with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Menefee,* 391 F.3d at 161 (quoting *Schlup,* 513 U.S. at 324). Moreover, "the standard . . . remains the same" when the petitioner is presenting a claim of innocence after pleading guilty to the challenged offense. *Ludicdore,* 209 F.3d at 114. That standard imposes a heavy burden on petitioners and, as a result, "credible claims of actual innocence are 'extremely rare.'" *Menefee,* 391 F.3d at 161 (quoting *Schlup,* 513 U.S. at 321).

Argraves has not produced evidence to support the claim that he is actually innocent of the crime to which he pled guilty. Indeed, he offers nothing more than assertions that he is actually innocent, that he only pled guilty because his lawyers were incompetent, and that the government could not have proved its case if it went to trial. Judge Kravitz has already held that Argraves could not satisfy the ineffective assistance of counsel standard. *See* Ruling and Order [doc. # 12] at 3-4 ("None of these [claims] have merit, as none of them demonstrate that his counsel's performance fell below an objective standard of reasonableness."). In addition, the record contains a wealth of information implicating Argraves in the crime to which he pled guilty. Argraves also admitted each of the elements of the offense during his Rule 11 colloquy. Having put forth no new reliable evidence to support his claim of actual innocence, pursuing such a claim would be futile.

In his amended petition, Argraves also claims that there were several violations of Rule 11 of the Rules of Criminal Procedure. "Rule 11 sets forth requirements for a plea allocution and is designed to ensure that a defendant's plea of guilty is a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Zhang v. United States*, 506 F.3d 162, 168 (2d Cir. 2007) (quoting *United States v. Andrades*, 169 F.3d 131, 133 (2d Cir. 1999)). A successful challenge to a Rule 11 violation requires that Argraves establish that the violation constituted a "constitutional or jurisdictional error" or that it resulted in a "complete miscarriage of justice" or "in a proceeding inconsistent with the rudimentary demands of fair procedure." *Lucas v. United States*, 963 F.2d 8, 12-14 (2d Cir. 1992). Argraves must also demonstrate that he was "prejudiced by the violation because he did not understand the consequences of his plea, or that, if he had been properly advised he would not have pled guilty." *Id.* Argraves cannot meet the high bar required for granting habeas relief for a Rule 11 violation.

Under Rule 11 a judge must address the defendant personally to inform him of, among other things, certain rights he holds or waives, the nature of the charge to which he is pleading guilty, any maximum or mandatory minimum penalty, and any applicable forfeiture. Fed. R. Crim. P. 11(b). Argraves claims that during his plea hearing, Magistrate Judge William I. Garfinkel failed to inform Argraves that he had "the right to be represented by counsel—and if necessary have the court appoint counsel—at trial and at every other stage of the proceeding." Fed. R. Crim. P. 11(b)(1)(D). The plea hearing transcript reflects that Judge Garfinkel told Argraves that he was entitled "to a speedy public trial by a jury and, of course, you would have assistance of your counsel, very able counsel, on all the charges against you and you'd be giving up those rights be pleading guilty." Plea Hearing Tr. at 9, *United States v. Maylor*, 3:09-cr-117, ECF No. 1500. Argraves confirmed that he understood his rights. *Id.* Although Judge Garfinkel did not recite the exact language of Rule 11(b)(1)(D), his statements did not constitute a violation of Rule 11 and do not render the plea involuntary. In any event, in his written plea agreement Argraves acknowledged that he understood "that he has the right to be represented by an attorney at every state of the proceeding and, if necessary, one will be appointed to represent him." Pet'r's Ex. 1 Plea Agreement [doc. # 1] at 5. Nothing in the record or in Argraves' petition support his claim that but for Judge Garfinkel's statement, he would not have entered a guilty plea.

Argraves also claims that Judge Garfinkel failed to inform Argraves of any applicable forfeiture. *See* Fed. R. Crim. P. 11(b)(1)(J). Although Judge Garfinkel did not specifically address forfeiture, the government outlined the forfeiture provision in the plea agreement during the plea hearing. *See* Plea Hearing Tr. at 13 ("I just want to briefly touch upon the paragraph that is titled "Forfeiture."); Pet'r's Ex. 1 Plea Agreement [doc. # 1] at 2 ("The parties acknowledge that at this time there has been no disposition of the forfeiture proceedings and that there have

been no agreements reached or promises made between the parties regarding the assets identified and the forfeiture proceedings. Forfeiture proceedings remain pending."). And, Argraves agreed, on the record, that he read and understood the plea agreement. *See* Plea Hearing Tr. at 26. Therefore, this claim is futile as well.

Argraves also claims that Judge Garfinkel failed to ensure that the plea was voluntary. *See* Fed. R. Crim. P. 11(b)(2). This claim is futile. Judge Garfinkel specifically asked Argraves if "anyone made any promises to you, or representations, other than what's contained in the Plea Agreement, in order to get you to plead guilty." Plea Hearing Tr. at 27. Argraves said "No, Your Honor." *Id.* Judge Garfinkel also asked Argraves if "this is something that you're doing voluntarily." *Id.* And Argraves responded "Yes." *Id.* Nothing in the record or in Argraves' petition supports the notion that his plea was anything but knowing and voluntary.

And finally, Argraves claims that Judge Garfinkel failed to determine the factual basis for the plea. *See* Fed. R. Crim. P. 11(b)(3). This claim is futile. During the plea hearing the government stated the elements of the offense and what the government would show to establish Argraves' guilt. *See* Plea Hearing Tr. at 28-29. Then Judge Garfinkel specifically asked Argraves if he was "part of an agreement with at least one other person . . . to distribute . . . cocaine", if it was something he did "knowingly" and "with intent", and if the "amount involved was at least 5 kilograms." Plea Hearing Tr. at 30. Argraves answered yes to all of these questions. *Id.* The record establishes that there was a factual basis for the guilty plea entered.

Lastly, in his amended petition, Argraves adds claims of prosecutorial misconduct. Argraves alleges that Assistant United States Attorney S. Dave Vatti "came into a plea-bargaining with 'dirty hands,' he coerced Petitioner to plead guilty in exchange for a promise to return the property which belonged to Petitioner in the first place, and, in doing so, Vatti

perpetrated fraud on the court by failing to inform the court about concealed promise." Amended Pet. [doc. # 18] at 15. Argraves has offered no evidence to support his assertion. In fact, Argraves stated, during his plea colloquy, that no promises were made in order to induce him to plead guilty and that his guilty plea was voluntary. *See* Plea Hearing Tr. at 27. Therefore, his claim of prosecutorial misconduct is futile.

For the reasons stated above, the Motion to Vacate the Ruling on Motion to Vacate, Set Aside or Correct Sentence [doc. # 16] is denied. Accordingly, the Motion to Conduct Discovery [doc. # 13], Motion to Produce Documents [doc. # 14], Second Motion to Produce Documents [doc. # 15], Motion to Expand Record [doc. # 17], Amended Motion to Vacate, Set Aside or Correct Sentence [doc. # 18], Motion to Produce Detention Related Transcripts [doc. # 20] are all denied as moot.

It is so ordered.

Dated at Bridgeport, Connecticut, this 2nd day of May 2013.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge